## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PAULA BOUTIAN** | § | **CIVIL ACTION NO.:** |
| | § | |
| **VERSUS** | § | **SECTION:** |
| | § | |
| **WALMART, INC., WAL-MART** | § | |
| **LOUISIANA, LLC (d/b/a WAL-MART** | § | |
| **STORE NO. 1342) and ABC** | § | |
| **INSURANCE** | § | |
| **COMPANY** | § | |

## NOTICE OF REMOVAL

TO: **The Honorable Judges**
**of the United States District Court**
**for the Eastern District of Louisiana**

Defendants, Walmart Inc. and Wal-Mart Louisiana, LLC, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On February 20, 2020, Paula Boutian filed this lawsuit against Walmart Inc. and Wal-Mart Louisiana, LLC, hereinafter referred to as Walmart, in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing case number 20–01891 and entitled *Paula Boutian v. Walmart Inc., Wal-Mart Louisiana LLC (d/b/a Walmart Store No. 1342) and ABC Insurance Company*. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A.")

2. Walmart Inc. was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on March 17, 2020. (*See* CT Corporation Service of Process Transmittal Notice attached hereto and marked for identification as Exhibit "B.")

- 1 -

3.      Wal-Mart Louisiana, LLC was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on March 17, 2020. (*See* CT Corporation Service of Process Transmittal Notice attached hereto and marked for identification as Exhibit "C.")

4.      The suit seeks damages from Walmart for injuries allegedly sustained at Walmart Store #1342 located at 4001 Behrman Place, New Orleans, LA.

5.      Plaintiff alleges in her prayer of the Petition that as a result of the above-described incident, she sustained damages including past, present and future medical expenses, past, present and future pain and suffering, past, present and future mental pain and suffering, past, present and future earnings, loss of future earning capacity, permanent disability to the body, past, present and future loss of enjoyment of life, past, present and future disfigurement and scarring. The Petition fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide lack of jurisdiction of federal court due to insufficiency of damages. LA-CCP article 893.

6.      On March 31, 2020, Walmart issued initial discovery to plaintiff through her counsel by which she was asked to describe in Interrogatory No. 4 her injuries, physical and mental, allegedly sustained in the accident/incident, including the nature and extent of each such injury and the area of the body affected. On June 22, 2020, plaintiff responded to discovery by stating that as a result of the subject incident, plaintiff has sustained injuries to her neck and back. More specifically, plaintiff currently suffers with muscle spasms, decreased range of motion, tenderness, stiffness and pain in the lumbar spine. It is noted that plaintiff was treating with a neurologist, and pain management specialist, Dr. Chad Domange, and had recently been referred to undergo bilateral lumbar medial branch block procedures.

7.     On September 30, 2020, the deposition of the plaintiff, Paula Boutian, was taken as scheduled by undersigned counsel. At that time, plaintiff testified that on September 16, 2020, she underwent the bilateral lumbar medial branch blocks and on September 30, 2020, she underwent radiofrequency ablation.

I.     **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

8.     28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

A.     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

9.     The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

10.     Plaintiff has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

11.     While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE

THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**B.     COMPLETE DIVERSITY**

12.     Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LP, an Arkansas limited partnership with its principal place of business in Bentonville, Arkansas.  The sole member of Wal-Mart Stores East, LP is its parent company Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

13.     Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

14.     Plaintiff is a resident and domiciled in the Parish of Orleans, State of Louisiana.

15.     Accordingly, there is complete diversity of citizenship between the plaintiff and the only named defendants.

16.     This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

17.     The deposition of the plaintiff was completed on September 30, 2020.

II.   **WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

18.    This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

19.    Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

20.    The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

21.    No previous application has been made by Wal-Mart in this case for the relief requested herein.

22.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Paula Boutian through her attorney of record, and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

23.    Petitioners, Walmart Inc. and Wal-Mart Louisiana, LLC, desire and are entitled to **trial by jury** of all issues herein.

**WHEREFORE**, defendants, Walmart Inc. and Wal-Mart Louisiana, LLC, hereby remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Roy C. Beard*
ROY C. BEARD, (#17461)
P. SINNOTT MARTIN (#37218)
MCCRANIE, SISTRUNK, ANZELMO, HARDY
McDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, LA 70112
(504) 831-0946
Email: rcb@mcsalaw.com
      psm@mcsalaw.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 22nd day of October, 2020.

*/s/ Roy C. Beard*

- 6 -