# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAULA BOUTAIN,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2881** |
| **WALMART, INC., ET AL.**<br>        **Defendants** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is Plaintiff Paula Boutain's Motion to Remand because this Court lacks jurisdiction.[1] Defendants oppose the motion.[2] For the reasons that follow, Plaintiff's motion is **DENIED**.

## BACKGROUND

This is a slip and fall action originally filed in state court.[3] Plaintiff alleges she sustained injuries as a result of a slip and fall on July 8, 2019, at a Walmart store located in New Orleans, Louisiana. In her state court petition, Plaintiff sought damages including past, present, and future medical expenses; past, present, and future pain and suffering; past, present, and future lost earnings; past, present, and future permanent disability to the body; past present, and future loss of enjoyment of life; and past, present and future disfigurement and scarring.[4] Defendants removed the action to federal court on the basis of diversity jurisdiction.[5] Plaintiff has not objected to the timeliness of the removal.

---

[1] R. Doc. 13.
[2] R. Doc. 15.
[3] R. Doc. 1-1.
[4] *Id.*
[5] R. Doc. 1.

1

## **LEGAL STANDARD**

A civil action may be removed to federal court unless expressly prohibited by another statute.[6] The principles of comity and federalism mandate strict construction of removal statutes in order to minimize encroachment on the sovereignty of state courts.[7] Thus, "any doubt as to the propriety of removal should be resolved in favor of remand."[8] The removing party bears the burden of proving that removal is proper.[9]

## **LAW AND ANALYSIS**

Subject matter jurisdiction in this case is premised on diversity of citizenship. Under 28 U.S.C. § 1332(a), jurisdiction is proper when (1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000.[10] The parties are completely diverse when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."[11]  The notice of removal states Plaintiff is a Louisiana domiciliary.[12]  As a result, Plaintiff is considered to be a Louisiana citizen for purposes of diversity jurisdiction.[13]  The notice of removal further states Wal-Mart Louisiana, L.L.C. is a Delaware limited liability company, with its sole member being Wal-Mart Stores East, LP, a Delaware limited partnership, which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LP, an Arkansas limited partnership. The sole member of Wal-

---

[6] 28 U.S.C. § 1441(a).
[7] *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).
[8] *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).
[9] *See In re DEEPWATER HORIZON*, 745 F.3d 157, 162–63 (5th Cir. 2014).
[10] *See* 28 U.S.C. § 1332(a).
[11] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).
[12] R. Doc. 1 at ¶ 14.
[13] *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("[W]ith few exceptions, state citizenship for diversity purposes is regarded as synonymous with domicile.").

2

Mart Stores East, LP is its parent company Walmart, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas. The parties are completely diverse.

In addition to complete diversity, Section 1332(a) requires the amount in controversy exceed $75,000. Louisiana law does not limit recovery to the amount sought in the petition.[14] Accordingly, removal is proper if the Defendants can demonstrate by a preponderance of the evidence the amount in controversy exceeds $75,000.[15] If the Defendants meet this burden, Plaintiff "can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[16]

In response to discovery, Plaintiff described her mental and physical injuries sustained as a result of the accident as injuries to her neck and back, including muscle spasms, decreased range of motion, tenderness, stiffness, and pain in the lumbar spine. Plaintiff also responded that she has been treated by a chiropractor, undergone cervical and lumbar MRIs at Diagnostic Imaging Services, and is being treated by Dr. Chad Domangue at Cypress Point Pain Management.[17] Due to persistent pain, Plaintiff's treating physician referred her for bilateral lumbar medial branch blocks followed by a rhizotomy. In her deposition, Plaintiff confirmed she has received the recommended bilateral lumbar medial branch blocks and the radiofrequency ablation.[18] Plaintiff is currently undergoing treatment with a neurologist and pain medicine doctor.[19]

---

[14] *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).
[15] *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).
[16] *Id.* (quoting *De Aguilar*, 47 F.3d at 1412).
[17] R. Doc. 13-2 at ¶ 7.
[18] R. Doc. 15-1.
[19] R. Doc. 13-2.

3

Courts have found that plaintiffs with similar back and neck injuries meet the amount in controversy requirement.[20] Plaintiff's state court petition, as well as her responses to interrogatories and testimony at her deposition,[21] demonstrate the amount in controversy is likely to exceed $75,000.  Plaintiff's motion to remand falls short of demonstrating to a "legal certainty" her recovery will not exceed this amount.[22]

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED.**

**New Orleans, Louisiana, this 1st day of December, 2020.**

*_____*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] *See Martin v. ERMC, II*, 23 So.2d 1008 (La. App. 3 Cir. 2009) ($103,000 for cervical and lumbar strain with possible spinal pathology and greatly reduced activity, treated with ESIs); *Duchamp v. State Farm Mut. Auto. Ins. Co.*, 916 So.2d 498 (La. App. 3 Cir. 2005) ($135,000 for herniated discs causing pain over three years and at time of trial with lifetime of conservative treatment and ESIs, recommended; surgery not contemplated).

[21] R. Doc. 15-1.

[22] Plaintiff was offered the opportunity to provide a stipulation or affidavit regarding the amount in controversy but declined to do so.