UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAULA BOUTIAN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2881** |
| **WALMART, INC., ET AL.,**<br>    **Defendants** | **SECTION: "E"** |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment by Defendants Walmart, Inc. and Wal-Mart Louisiana, L.L.C.[1] (collectively, "Defendants"). Plaintiff Paula Boutian opposes the motion.[2] Defendants have filed a reply.[3] For the reasons that follow, Defendants' motion is **DENIED**.

### BACKGROUND

Plaintiff Paula Boutian suffered injury as a result of a slip and fall that occurred at a Walmart store located at 4001 Behrman Place in New Orleans, Louisiana, on July 8, 2019.[4] She was shopping for groceries with her husband, Ronnie Boutian.[5] As Plaintiff was proceeding through the produce section, she slipped and fell on an "unknown liquid."[6] Plaintiff testified a grape on the floor caused her to fall, the grape was smashed, and there appeared to be some liquid on the floor from the grape.[7] Plaintiff alleges her fall is the result of various acts of negligence on the part of Defendants and seeks damages for

---

[1] R. Doc. 31. Wal-Mart Stores East, LP also is a movant; however, Wal-Mart Stores East, LP is not a named defendant in this matter.
[2] R. Doc. 35.
[3] R. Doc. 40.
[4] R. Doc. 1-1; R. Doc. 31-1, ¶ 1; R. Doc. 35-1, ¶ 1.
[5] R. Doc. 1-1; R. Doc. 31-1, ¶ 2; R. Doc. 35-1, ¶ 1.
[6] R. Doc. 1-1; R. Doc. 31-1, ¶¶ 1, 3; R. Doc. 35-1, ¶ 2.
[7] R. Doc. 31-1, ¶¶ 4, 5; R. Doc. 35-1, ¶ 3.

bodily injuries.[8] On August 10, 2021, Defendants filed the instant Motion for Summary Judgment, arguing there is no evidence in the record to support essential elements of Plaintiff's negligence claim against them.[9]

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "An issue is material if its resolution could affect the outcome of the action."[11] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[12] All reasonable inferences are drawn in favor of the nonmoving party.[13] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[14]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[15] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the

---

[8] R. Doc. 1-1.
[9] R. Doc. 31.
[10] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[11] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[13] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[14] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[15] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[16]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[17] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[18] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[19] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[20] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must

---

[16] *Celotex*, 477 U.S. at 322–24.
[17] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[18] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[19] *Celotex*, 477 U.S. at 332–33.
[20] *Id.*

either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[21] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[22]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[23]

## LAW AND ANALYSIS

Under Louisiana law, "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage."[24] A Plaintiff in a slip and fall action has the burden of proving the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

---

[21] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[22] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.
[23] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[24] La. R.S. § 9:2800.6.

> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

The statute includes the following definitional provisions:

> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
> (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.

Defendants move for summary judgment, arguing the undisputed facts show Plaintiff is unable to establish the condition that caused her fall was present for such a period of time that it would have been discovered with the exercise of reasonable care, such that they had constructive notice.[25] To defeat Defendants' motion for summary judgment, Plaintiff must call "the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party"[26] to demonstrate the existence of a genuine issue of material fact.

"[W]here a claimant is relying upon constructive notice . . . , the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence."[27] "Whether the period of time that a condition existed [is] sufficient to provide a merchant with constructive notice is a fact question that must be

---

[25] R. Doc. 35-2 at 6-11; R. Doc. 37-1. Defendants also argue Plaintiff is unable to establish they created the condition or had actual notice of the condition. R. Doc. 31-2 at 4-6. Plaintiff concedes, for purposes of this motion, Defendants did not create the condition or have actual notice of it. R. Doc. 35-2 at 3-4.
[26] *Celotex*, 477 U.S. at 332–33.
[27] *White v. Wal-Mart Stores, Inc.*, No. 97-0393, at p. 1 (La. 9/9/97); 699 So. 2d 1081, 1082.

submitted to the jury."[28] "'[H]owever, there remains the prerequisite showing of some time period.' There is no bright line time period, but 'some positive evidence is required of how long the condition existed prior to the fall.'"[29] Accordingly, Plaintiff must provide some positive evidence of how long the condition existed prior to her fall.

Plaintiff provided Exhibit A,[30] which is the Walmart surveillance footage showing the produce department in the Wal-Mart store located at 4001 Behrman Place in New Orleans, Louisiana, on July 8, 2019, from 3:38 p.m. until 5:39 p.m. The video, at time stamp 46:47, shows a child in the front/larger portion of a shopping cart picking up and dangling what appears to be a bunch of grapes while his mother tends to an infant in the rear/smaller portion of the shopping cart. Approximately thirteen minutes later, at time stamp 59:23, the Plaintiff slipped and fell in the general area where the child was playing with what appears to be grapes. Plaintiff testified that she slipped on a grape.[31] In addition, a witness to Plaintiff's fall, Lena Cross, testified there was dirt and a liquid at the spot where Plaintiff fell.[32]

The Court finds *Bagley v. Albertsons, Inc.* instructive.[33] In *Bagley*, the plaintiff "could neither testify as to how long the puddle had been on the floor nor demonstrate the origin or nature of the liquid to imply a necessary passage of time."[34] Instead, the plaintiff presented testimony from a witness that "the spill covered a significant area extending through the aisle and into an adjoining back aisle."[35] The Fifth Circuit held that

---

[28] *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 331 (5th Cir. 2007) (citing *Allen v. Wal-Mart Stores, Inc.*, No. 37,352, at p. 5 (La. App. 2 Cir. 6/25/03); 850 So. 2d 895, 898)
[29] *Id.* (first quoting *Allen*, No. 37,352, at p. 5; 850 So. 2d at 898; and then quoting *Robinson v. Brookshires #26*, No. 33,713, at pp. 5-6 (La. App. 2 Cir. 8/25/00); 769 So. 2d 639, 642).
[30] R. Doc. 35-3, Notice of Manual Attachment.
[31] R. Doc. 31-1, ¶¶ 4, 5; R. Doc. 35-1, ¶ 3.
[32] R. Doc. 35-8; R. Doc. 35-2 at 10.
[33] 492 F.3d 328 (5th Cir. 2007).
[34] *Id.* at 331.
[35] *Id.*

testimony "support[ed] a reasonable inference that the liquid leaked from a customer's cart."[36] Further, the plaintiff testified "that when she entered the aisle and slipped, the aisle was empty."[37] The court held that testimony "supports a reasonable inference that the other cart had sufficient time to clear the aisle, implying the passage of 'some period of time.'"[38] The Fifth Circuit held there was a material question of fact as to whether the defendant store had constructive notice.[39]

Similarly, in *Rodriguez v. Wal-Mart Louisiana, LLC*, there was evidence "the child of another shopper caused the spill on the floor."[40] By the time the plaintiff slipped and fell in the spill, "that shopper and her child [had] clear[ed] the aisle."[41] The court, relying on *Bagley*, found this evidence supported a finding that the condition existed for "some period of time" because there was "sufficient time" between the spill and the fall for the shopper and the child to "clear the aisle."[42] The analyses in *Bagley* and *Rodriguez* are on point with the facts of this case.

The Defendants argue that for surveillance footage to show a passage of time it must show the floor and the cause of the spill, and they argue the footage in this case is insufficient because it does not clearly show the floor.[43] Defendants argue this hard rule was announced in the unpublished Fifth Circuit cases of *Adams v. Dolgencorp, L.L.C.*[44] and *Taylor v. Wal-Mart Stores, Inc.*[45] The Court finds this to be an overly broad reading of *Adams* and *Taylor*. In *Adams*, the plaintiff presented no evidence "of how or why the

---

[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] *Id.*
[40] No. 17-9350, 2018 WL 3303419 at *5 (E.D. La. July 3, 2018) (Brown, C.J.).
[41] *Id.*
[42] *Id.*
[43] R. Doc. 37-1 at 3.
[44] 559 F. App'x 383, 386 (5th Cir. 2014).
[45] 464 F. App'x 337, 339 (5th Cir. 2012).

lotion [she slipped on] was spilled."[46] Instead, the plaintiff merely pointed to "security camera footage showing [her] walking to the aisle where she was injured" and argued that footage showed "the lotion must have been on the floor for long enough to be discovered."[47] The Fifth Circuit concluded the fact that the plaintiff "failed to produce evidence" of the substance or its origin made the "temporal inference" the plaintiff sought too "speculati[ve] and "inappropriate."[48]

Similarly, in *Taylor*, the plaintiff presented only surveillance footage of the area in which she fell to only "show[] the passage of time."[49] "The video d[id] not show someone or something creating the wet substance; it d[id] not show others slipping or avoiding the area; it show[ed] no one making a failed attempt to clean or secure the area."[50] The Fifth Circuit concluded the plaintiff's bare footage, which lacked any evidence of "the origin or nature of the liquid," was too "ambiguous" and "speculati[ve]" to reasonably infer a passage of time.[51]

A close reading of *Adams* and *Taylor* reveals the opinions are based on analyses of the unique facts before the court in each case, and whether summary judgment was appropriate under those facts, but does not establish a hard rule that the passage of time can never be inferred from surveillance video. In both cases, the plaintiffs provided *only* video of the area of a fall over a passage of time. Nothing in the video footage in those cases indicated a possible cause of the substance causing the plaintiffs to slip, and the plaintiffs presented no other evidence of the spill's existence or origin. On the other hand,

---

[46] *Adams*, [46] 559 F. App'x, at 386.
[47] *Id.*
[48] *Id.* (quoting *Taylor*, 464 F. App'x at 339).
[49] *Taylor*, 464 F. App'x at 339.
[50] *Id.*
[51] *Id.* (quoting *Bagley*, 492 F.3d at 330-31).

8

in this case, Plaintiff presented evidence of the spill's origin—a child playing with grapes in the general area of the fall—and the passage of time shown by the video. Thus, this is not a case in which the only evidence is footage of the area where the fall occurred over a period of time.[52]

The testimony of Plaintiff and Cross, together with the surveillance footage, supports a reasonable inference the grape and liquid were on the floor for "some time period" before Plaintiff fell. Whether that time was sufficient to provide constructive notice is a question for the jury.[53] A factual dispute exists as to whether there was a grape and/or liquid on the floor and, if so, whether they were there long enough to provide Defendants constructive notice.[54] These are questions of fact for the jury.[55] This material factual dispute precludes summary judgment.

## CONCLUSION

**IT IS ORDERED** that the Motion for Summary Judgment[56] filed by Defendants Walmart, Inc. and Wal-Mart Louisiana, L.L.C. is **DENIED.**

**New Orleans, Louisiana, this 17th day of September, 2021.**

*/s/ Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] The cause of Plaintiff's fall need only be "more likely than any other potential scenario." *Bagley*, 492 F.3d at 330 (quoting *Allen*, No. 37,352, at p. 7; 850 So. 2d at 899). In this case, the Plaintiff slipped on a grape, and, a few minutes before, an unsupervised child was playing with grapes. The child is a more likely source of the spill than other possibilities.
[53] *Bagley*, 492 F.3d at 331 (citing *Allen*, No. 37,352, at p. 5; 850 So. 2d at 898).
[54] Plaintiff also argues the alleged failure of Walmart employees to inspect the area is material to a determination of the condition's existence for a period of time. R. Doc. 35-2, at 6-7. However, these allegations relate more to whether the Defendants exercised reasonable care, which is not at issue in this motion for summary judgment. *See Batiste v. United Fire & Cas. Co.*, No. 17-482, at p. 13 (La. App. 5 Cir. 3/14/18); 241 So. 3d 491, 501; *Pollet v. Sears Roebuck & Co.*, 46 F. App'x 226 (5th Cir. 2002), 2002 WL 1939917, at *8.
[55] *Bagley*, 492 F.3d at 331 (citing *Allen*, No. 37,352, at p. 5; 850 So. 2d at 898).
[56] R. Doc. 31.